ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| BILLY CRESPO RIVERA<br><br>Parte Apelante<br><br>v.<br><br>DTOP<br><br>Parte Apelada | KLAN202400490 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Municipal de Mayagüez<br><br>Caso Núm.:<br>IACI202400297<br>IACI202400298<br>IACI202400299<br>IACI202400300<br>IACI202400301<br><br>Sobre:<br>Revisión Boleto de Tránsito |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de junio de 2024.

Comparece por derecho propio y de manera *pauperis* el señor Billy Crespo Rivera (Sr. Crespo Rivera) mediante recurso de apelación, el cual acogemos como uno de *certiorari*[1]. Solicita que revoquemos cinco resoluciones emitidas el 11 de marzo de 2024, y notificadas el 9 de abril de 2024, por el Tribunal de Primera Instancia (TPI), Sala de Mayagüez, mediante la cual el foro primario declaró *no ha lugar* los recursos de revisión de las infracciones de tránsito presentados por éste.

---

[1] Ello, a tenor con el Artículo 4.006, incisos (b) y (e) de la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, Ley Núm. 21-2003, 4 LPRA sec. 24y (b), (e) y (u), que nos faculta a atender mediante auto discrecional de *certiorari* cualquier resolución u orden dictada por el Tribunal de Primera Instancia, así como para conocer sobre todo asunto determinado por ley especial. No obstante, mantenemos el alfanumérico asignado originalmente por la Secretaria de este Tribunal.

Número Identificador
SEN2024_____

Evaluado el escrito del Sr. Crespo Rivera, así como los documentos que fueron adjuntados, expedimos el auto de *certiorari* y confirmamos el dictamen recurrido.

**I.**

Según surge del expediente ante nuestra consideración, el 16 de febrero de 2024, el Sr. Crespo Rivera instó ante el TPI cinco recursos de revisión de las infracciones de tránsito correspondientes a los boletos números 90211005820, 90211005821, 90211005822, 90211005823 y 90211005824, respectivamente.[2]

El TPI celebró una vista en su fondo, a la que compareció el Sr. Crespo Rivera, mas no así el agente de la Policía que expidió el boleto, a pesar de haber sido debidamente citado.

Luego de escuchar el testimonio del Sr. Crespo Rivera, examinar la prueba y aquilatar la credibilidad del testigo, en atención al derecho aplicable, el TPI emitió las resoluciones, mediante las cuales declaró sin lugar todas las peticiones de revisión de las infracciones de tránsito.

En desacuerdo, el Sr. Crespo Rivera presentó una solicitud de reconsideración, en la que, en esencia, imputó al TPI haber errado al adjudicar las causas en su contra aun cuando el agente del orden público que expidió el boleto no compareció al proceso. Alegó que ello vulneró su derecho a la confrontación, ya que no tuvo la oportunidad de contrainterrogar al funcionario. Además, solicitó la devolución de los aranceles pagados por la presentación de los recursos de revisión de las infracciones de tránsito.

El TPI denegó la solicitud de reconsideración en una resolución emitida el 19 de abril de 2024, y notificada el 22 de abril de 2024.[3]

---

[2] Los boletos con la fecha y la disposición infringida fueron omitidos en el apéndice del recurso.

[3] De acuerdo con el *Sistema Integral de Apoyo a Tribunales* (SIAT), todos los casos están subordinados al IACI202400297.

Inconforme, el 17 de mayo de 2024, el Sr. Crespo Rivera presentó el recurso que nos ocupa y apuntó los siguientes señalamientos de error:

> Primero: Erró el Tribunal de Primera Instancia, Sala Superior de Mayagüez, al quebrantarse el derecho constitucional a un juicio justo e imparcial. Ello respondió a que el juez Luis F. Padilla Galiano, al declarar no ha lugar el recurso, adjudicó la evidencia de manera parcializada, tomando en consideración asuntos del expediente que nunca fueron testificado en la vista; no compareció el testigo indispensable; sin embargo, lo hizo con el único y exclusivo propósito de proteger la imagen de la Policía de Puerto Rico, grave e irremediable error.

> Segundo: Erró el Tribunal de Primera Instancia, Sala Superior de Mayagüez, al pasar por alto e ignorar el silencio, incomparecencia, desacato e incumplimiento de lo ordenado por el TPI para que compareciera como único testigo indispensable del caso, en clara y evidente negligencia e incumplimiento del debido proceso de ley, grave e irremediable error.

> Tercero: Erró el Tribunal de Primera Instancia, Sala Superior de Mayagüez, al no fundamentar en hecho y derecho la resolución de no ha lugar a la moción de reconsideración y asumir postura de defensa y testigo de cargo, lacerando la reputación que debe imperar en las salas de los tribunales.

Junto a su recurso, el Sr. Crespo Rivera presentó una *Solicitud y Declaración para que se Exima del pago de Arancel por Razón de Indigencia.* Aceptamos su comparecencia como indigente y, conforme nos autoriza la Regla 7(B)(5) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5), eximimos a la parte recurrida de presentar su alegato en oposición y procedemos a resolver sin trámite ulterior.

**II.**

**A.**

El Art. 23.05 (l) de la *Ley de Vehículos y Tránsito de Puerto Rico,* Núm. 22-2000, establece el trámite a seguir por una persona que no está de acuerdo con una falta administrativa de tránsito impuesta. Conforme al mismo, el afectado podrá presentar el correspondiente recurso de revisión judicial ante el Tribunal de

Primera Instancia. Una vez recibido el recurso de revisión, el tribunal señalará la celebración de una vista para atender los méritos del recurso instado. Consideradas las cuestiones de hecho y de derecho que dieron lugar a la imposición y notificación de la falta administrativa, el adjudicador dictará la correspondiente resolución en el caso, la cual tendrá carácter de final y definitiva.[4]

Según lo anterior, el procedimiento de revisión que se lleva a cabo para la impugnación de un boleto de tránsito es uno de naturaleza civil, no criminal. Por esta razón, el peso de la prueba recae en aquel que promueve la revisión, es decir, sobre quien impugna la falta administrativa.[5]

Por otro lado, debemos recordar que las actuaciones de un agente de la Policía están cobijadas por una presunción de regularidad. De hecho, la Regla 304 (14) de Evidencia establece que "[l]os deberes de un cargo han sido cumplidos con regularidad".[6] Por consiguiente, si una parte alega que las actuaciones policiacas se han realizado de manera irregular, debe rebatir la mencionada presunción bajo el estándar de preponderancia de la prueba.[7] Si la persona contra la cual se establece la presunción no presenta evidencia para rebatir el hecho presumido, el juzgador viene obligado a deducirlo, quedando tal hecho establecido.[8] En cambio, si la parte contra la cual se establece la presunción presenta evidencia en apoyo de la determinación de la inexistencia del hecho, la parte a la cual le favorece la presunción debe persuadir al juzgador de que el hecho presumido existe.[9]

**B.**

---

[4] 9 LPRA sec. 5685 (l).
[5] Regla 110 de Evidencia, 32 LPRA Ap. VI, R. 110.
[6] 32 LPRA Ap. VI, R. 304(14).
[7] Regla 110 (f) de Evidencia, 32 LPRA Ap. VI, R. 110 (f).
[8] *Íd.,* R. 302.
[9] *Íd.*

En nuestra jurisdicción se reconoce el derecho del ciudadano a un debido proceso de ley en toda actuación en la que el Estado intervenga con su vida, su libertad o su propiedad. Tal prerrogativa se consagra en el Artículo II, Sección 7, de la Constitución de Puerto Rico y en las Enmiendas V y XIV de la Constitución de los Estados Unidos.[10] El debido proceso de ley es el "derecho de toda persona a tener un proceso justo y con todas las garantías que ofrece la ley, tanto en el ámbito judicial como en el administrativo".[11]

En su vertiente procesal, el debido proceso de ley le impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y propiedad del individuo se haga a través de un procedimiento que sea justo y equitativo.[12] En virtud de ello, todo procedimiento adversativo debe satisfacer los siguientes requisitos: (1) notificación oportuna y adecuada del proceso; (2) proceso ante un juez imparcial; (3) oportunidad de ser oído; (4) derecho a contrainterrogar testigos y examinar la evidencia presentada en su contra; (5) tener asistencia de abogado y (6) que la decisión se base en la evidencia presentada y admitida en el juicio.[13]

**III.**

En atención a las garantías procesales de la cláusula del debido proceso de ley, es importante advertir, de entrada, que el Sr. Crespo Rivera no cuestiona la adecuacidad de la notificación del proceso (es decir, del boleto de tránsito), la oportunidad de ser oído (pues compareció a la vista y presentó la prueba que entendió pertinente), ni el derecho a la asistencia de abogado (ya que optó por acudir por derecho propio).

---

[10] Const. de P.R., Art. II, Sec. 7, LPRA, Tomo 1; Const. EE. UU., LPRA, Tomo 1.
[11] *Aut. Puertos v. HEO,* 186 DPR 417, 428 (2012).
[12] *Íd.*
[13] *Natal Albelo v. Romero Lugo,* 206 DPR 465, 509 (2021); *Román Ortiz v. OGPe,* 203 DPR 947, 954 (2020).

El Sr. Crespo Rivera solamente reclama que se le infringió su derecho a contrainterrogar testigos y examinar la evidencia presentada en su contra. No tiene razón.

Conforme la normativa jurídica previamente esbozada, aquél que insta un recurso de revisión de una infracción de tránsito viene obligado a rebatir la presunción de corrección de la actuación policiaca y, además, tiene que demostrar, mediante preponderancia de la prueba, que no cometió la falta administrativa objetada. El boleto expedido basta para que se active la presunción y caiga el peso de la prueba sobre quien lo impugna.

Cabe apuntar que, el primer señalamiento de error versa sobre la apreciación de la prueba testifical desfilada y su suficiencia para demostrar la falta administrativa imputada. Siendo así, el Sr. Crespo Rivera tenía el deber de presentar la reproducción de la prueba oral conforme lo dispuesto en las Reglas 76 y 76.1 del Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, y cumplir fielmente el trámite prescrito para el perfeccionamiento del recurso. Es norma conocida que una parte no puede utilizar como subterfugio su comparecencia por derecho propio para incumplir con las normas procesales sobre la presentación y perfeccionamiento de los recursos.[14] Al no incluir como parte de su alegato la reproducción de la prueba oral, carecemos de la transcripción de los procedimientos habidos ante el TPI. En ausencia de la prueba recibida por el foro recurrido, no encontramos base o fundamento alguno para variar el mismo.

De la resolución impugnada se desprende que el TPI examinó la prueba y aquilató la credibilidad que le mereció el testimonio del Sr. Crespo Rivera. Ante la conclusión del foro apelado, al declarar no ha lugar el recurso de revisión resulta forzoso concluir que la

---

[14] *Febles v. Román*, 159 DPR 714, 722 (2003).

prueba presentada no fue suficiente para rebatir la presunción que cobija a las actuaciones policiacas ni superó el estándar de preponderancia de prueba exigido. Consecuentemente, colegimos que el TPI no abusó de su discreción ni incurrió en error alguno al declarar no ha lugar a los recursos de revisión sobre infracciones de tránsito presentados por el Sr. Crespo Rivera.

Por otro lado, resulta improcedente en derecho la solicitud del Sr. Crespo Rivera para que este Tribunal ordene la devolución de los aranceles correspondientes a la presentación de los recursos de revisión de las infracciones de tránsito. Entre los requisitos indispensables dispuestos en nuestro ordenamiento jurídico para iniciar el trámite de una causa judicial, está el pago de los aranceles de presentación.[15] Para obtener un permiso para tramitar un caso *in forma pauperis,* y quedar exento de pagar los aranceles o derechos de presentación, le corresponde al solicitante acreditar, so pena de perjurio, que carece de los medios económicos para litigar.[16] En este caso, no surge que el Sr. Crespo Rivera hubiese solicitado al TPI comparecer *in forma pauperis* o que dicho foro primario lo eximiera del pago de los aranceles que corresponden a la presentación de la causa de acción.

Finalmente, y dada nuestra competencia como foro revisor, tampoco tenemos la autoridad de conceder remedios que no han sido solicitados en primer lugar ante el Tribunal de Primera Instancia; entiéndase, la indemnización en daños y perjuicios presentada por el Sr. Crespo Rivera ante este Foro.

**IV.**

Por las anteriores consideraciones, expedimos el auto de *certiorari* y se confirman las resoluciones emitidas por el Tribunal de Primera Instancia en los casos de epígrafe.

---

[15] *Gran Vista I v. Gutiérrez y otros,* 170 DPR 174, 188 (2007).
[16] *Íd.,* pág. 191.

**Notifíquese.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones